This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39744**

**DAVID P. PENA,**

      Worker-Appellant,

v.

**STATE OF NEW MEXICO and
RISK MANAGEMENT DIVISION,**

      Employer/Self-Insured-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Shanon S. Riley Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellant

Paul L. Civerolo LLC
Evie M. Jilek
Albuquerque, NM

for Appellees

Michael J. Holt, General Counsel
Sandra Gardner, Assistant General Counsel
Albuquerque, NM

for Amicus Curiae New Mexico Workers' Compensation Administration

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** This matter is before this Court on remand from certification to the New Mexico Supreme Court. Worker David P. Pena appeals a Workers' Compensation Administration (WCA) order (1) awarding him the maximum amount of attorney fees allowed under the fee cap (the Cap) in NMSA 1978, Section 52-1-54(I) (2013, amended 2025)[1] for the work his attorney performed before the WCA, and (2) denying his request that his employer, the State of New Mexico (Employer), pay 100 percent of his attorney fees, pursuant to Section 52-1-54(F)(4). We affirm.

**BACKGROUND**

**{2}** Worker suffered two distinct injuries during the course of his employment as a juvenile correctional officer. The first injury occurred on September 12, 2012, when Worker tripped while walking up some concrete steps. The second injury occurred on November 29, 2012, when Worker was restraining a large juvenile. Notwithstanding his injuries, Worker continued working for Employer without any wage loss until March 7, 2013.

**{3}** Worker filed a complaint for workers' compensation benefits on May 2, 2013. Following a mediation conference held on June 11, 2013, a mediator entered a recommended resolution, which Employer rejected. Pursuant to Section 52-1-54(F), Worker then sent Employer an offer of judgment on August 2, 2013. As relevant here, the offer provided that Worker was entitled to temporary total disability (TTD) benefits from September 12, 2012, through maximum medical improvement (MMI), less $10. Employer did not accept the offer. Worker and Employer eventually reached a settlement and agreed to entry of a compensation order (Compensation Order) on October 21, 2020. In pertinent part, the Compensation Order provided that Worker reached MMI on August 15, 2018, and was entitled to TTD benefits from March 7, 2013, through August 15, 2018.

**{4}** On December 2, 2021, Worker applied for an award of attorney fees and costs for the work his counsel performed before the WCA. Worker acknowledged that his attorney's fees were capped by Section 52-1-54(I) to the amount of $22,500 per injury, but asserted to the workers' compensation judge (WCJ) that the Cap was unconstitutional. He thus requested that the WCJ award him $122,600 in attorney fees or, in the alternative, the maximum amount of $45,000 allowed by Section 52-1-54(I). Additionally, Worker contended that, pursuant to Section 52-1-54(F)(4), Employer should be required to pay 100 percent of Worker's attorney fees—rather than 50 percent—because his offer of judgment sought benefits in an amount less than he ultimately obtained. In the order awarding fees and costs, the WCJ did not address Worker's contention that the Cap was unconstitutional. *See, e.g., Rodriguez v. Brand W. Dairy*, 2015-NMCA-097, ¶ 4, 356 P.3d 546 ("WCJs do not have authority to rule on the constitutionality of statutes."). As for Worker's contention that Employer should pay 100 percent of fees, the WCJ simply ruled: "Worker's claim to fee shifting pursuant to

---

[1]All citations in this opinion to Section 52-1-54 are to the 2013 version of that statute because it was the version in effect at the time Worker was awarded his attorney fees and extended his offer of judgment.

Section 52-1-54(F)(4) is not well-taken and shall be denied. Worker's award of attorney fees shall be payable 50% by Worker and 50% by Employer." Worker appeals.

**DISCUSSION**

**I.      Section 52-1-54(I)'s Fee Cap**

{5}      The attorney fee cap provision at issue in this case provides:

> Attorney fees, including, but not limited to, the costs of paralegal services, legal clerk services and any other related legal services costs on behalf of a claimant or an employer for a single accidental injury claim, including representation before the workers' compensation administration and the courts on appeal, shall not exceed twenty-two thousand five hundred dollars ($22,500).

Section 52-1-54(I). Worker argues on appeal that the Cap is unconstitutional on the ground it violates the separation-of-powers doctrine found in Article III, Section 1 of the New Mexico Constitution. Because this argument required the resolution of questions involving our Supreme Court's inherent and constitutional authority to regulate the practice of law, *see, e.g.*, *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 1973-NMSC-087, ¶ 26, 85 N.M. 521, 514 P.2d 40 ("[T]he regulation of the practice of law is the exclusive constitutional prerogative of th[e Supreme Court]."), we certified this matter (and another raising the same issue) to the Supreme Court. *See* Order of Certification to the New Mexico Supreme Court, *Pena v. State*, A-1-CA-39744, *Trujillo v. Luna Cmty. Coll.*, A-1-CA-39842 (N.M. Ct. App. Sept. 6, 2023). On July 3, 2025, the Supreme Court issued its decision in *Pena v. State*, 2025-NMSC-041, ___P.3d___. As relevant here, *Pena* held (1) the Supreme "Court's inherent authority is not infringed by legislative regulation of pleading, practice, and procedure that occurs outside of the Judiciary's courts," *id.* ¶ 38 (emphasis omitted); and (2) "quasi-judicial proceedings such as those within the WCA exist outside the judicial branch," *id.* ¶ 35. The Supreme Court thus concluded that, although the "regulation of attorney fees generally falls within the purview of th[e] Court's inherent powers and power of superintending control, . . . regulation of attorney fees specifically within the workers' compensation context does not." *Id.* ¶ 42. Given this, Worker's contention that the Cap as applied in his case is unconstitutional is foreclosed.[2]

{6}      Worker separately contends on appeal that an attorney "fee in the range of $90,000.00 to $122,000.00 [for his attorney's work done before the WCA] would be . . . reasonable [and] well-earned." As noted, however, our Supreme Court held that the Cap—in this case, $45,000—was constitutional for work done before the WCA. *See id.* ¶¶ 33-42. Further, the Court rejected the idea that judicial review of attorney fees in a

---

[2]The Supreme Court additionally held that Section 52-1-54(I) is unconstitutional inasmuch as it attempts to impose a cap on the recovery of attorney fees for work performed on appeal to New Mexico courts. *See Pena*, 2025-NMSC-041, ¶¶ 52-59. The issue of whether Worker is entitled to any such attorney fees, however, is not currently before us.

quasi-judicial setting, such as the WCA, included the ability to award a fee beyond the Cap. *See id.* ¶¶ 44-51. In light of these conclusions, Worker's contention that his attorney should be awarded attorney fees in excess of the Cap is not well taken. We accordingly affirm the WCA order limiting Worker's recovery of attorney fees to $45,000 for the work his counsel performed before the WCA.

## II.      Section 52-1-54(F)(4)'s Fee Shifting

**{7}**     The attorney fee-shifting provision at issue in this case provides:

> [I]f the worker's offer [of judgment] was less than the amount awarded by the compensation order, the employer shall pay one hundred percent of the attorney fees to be paid the worker's attorney, and the worker shall be relieved from any responsibility for paying any portion of the worker's attorney fees.

Section 52-1-54(F)(4). Certain "requirements must be met for a worker's offer of judgment to trigger the fee-shifting provision." *Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 18, 428 P.3d 265. "To force the employer to pay 100% of the attorney fees, an offer of judgment must be (1) a valid offer under Section 52-1-54(F) . . . , (2) for an amount less than the award at trial, and (3) an offer which the employer rejected."[3] *Baker*, 2018-NMSC-035, ¶ 18. Although the parties dispute whether the first requirement of a valid offer was met, it is unnecessary to address this issue. Even assuming there was a valid offer, the second requirement is dispositive.

**{8}**     As for this requirement, Worker contends that he was "awarded TTD benefits in excess of the TTD benefits Worker offered to accept with his [o]ffer of [j]udgment." We disagree. Worker's offer of judgment sought TTD benefits from September 12, 2012, through MMI, less $10. As Employer points out, however, Worker ultimately was awarded TTD benefits only from March 7, 2013, through MMI—meaning, Worker was awarded twenty-five fewer weeks of TTD benefits in the Compensation Order than he offered to accept.

**{9}**     In an attempt to avoid this result, Worker argues in reply that his offer of judgment nonetheless was less than what he ultimately was awarded because the offer was preceded by the language "pursuant to [Section] 52-1-25.1." Specifically, Worker claims that "[b]ecause [he] continued working without wage loss until March 7, 2013, he was not entitled to any TTD benefits pursuant to [NMSA 1978,] Section 52-1-25.1(B)(1) [(2005, amended 2017)] until March 7, 2013—and this was made abundantly clear to Employer from the specific language within the offer of judgment." We find this argument specious. As stated, the offer of judgment required payment of TTD benefits starting on September 12, 2012. This offer was made on August 2, 2013—nearly five months after Worker experienced wage losses on March 7, 2013. Had Worker intended

---

3*Baker* applied the 2003 version of Section 52-1-54(F)(4). *See Baker*, 2018-NMSC-035, ¶ 18. That version is identical to the 2013 version at issue in this case.

to accept TTD beginning on that date, he could have easily included it in his offer of judgment. He did not.

**{10}**   For these reasons, Worker's claim that he was "awarded TTD benefits in excess of the TTD benefits Worker offered to accept with his [o]ffer of [j]udgment" is not well taken. We accordingly affirm the WCJ's decision not to shift 100 percent of Worker's attorney fees to Employer pursuant to Section 52-1-54(F)(4).

**CONCLUSION**

**{11}**   We affirm.

**{12}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**